May 11, 1848.

## AT CHAMBERS, BEFORE CHIEF JUSTICE LEE.

## GEORGE PELLY AND OTHERS vs. GILES WALDO AND OTHERS. IN BANKRUPTCY.

What constitutes an act of Bankruptcy, within the meaning of the Statute.

The first question at issue is, whether taking all that the defendants, Waldo, Benson and Langlois have admitted in their demurrer to be true, they have committed an act of Bankruptcy. To decide this question, we must consult the Hawaiian Statutes relating to Bankruptcy. The 2d volume of those Statutes, page 56, section 8, reads as follows:

"SECTION VIII. The Chief Justice of the Superior Court, subject to the said Court in banco, shall alone have power at chambers, to entertain Bills in Equity for the discovery of fraud; or of facts important to any complainant; and to enforce, by bill and decree in equity, hypothetical rights of property; to decree the foreclosure of mortgage liens upon landed or personal property; to entertain applications for divorce not brought before the Governors of the respective islands; to relax the strict rules of law applicable to any case, or to enlarge or restrain the meaning of the law, when the strict application thereof would work injustice to a party. He shall upon petition, have power to grant equitable relief to insolvent debtors, upon assignment of their property for the benefit of their creditors to such person or persons as he may appoint, and may by decree appoint Commissioners in Bankruptcy, agents and receivers, and manage and control them and their acts, for the mutual benefit of the parties in interest; Provided however, that he shall not have the power to grant such relief, unless the petition for that purpose be signed by such insolvent or insolvents, and by so many of his or their creditors, at least one half in number, as have debts owing to them in good faith by such debtor or debtors, and amounting to at least two thirds owing by him or them, whether then due or to become due. He may also in like manner, upon the application of creditors and cause shown to his satisfaction, declare bankrupt, persons attempting to

postpone, elude or escape the payment of their debts, and appoint commissioners, receivers and agents for the collection and payment thereof. He may in like manner entertain applications for the annulment of corporate rights and franchises, for proclamation by *scire facias*, and for the recovery of damages for the infringement of patents duly conferred "

It is admitted by the defendants Waldo, Benson and Langlois, that they did during the month of February last fail to meet their engagements with the majority in value of their creditors; that one of their number, a partner of the firm of Waldo & Co., did on the 24th day of February last, execute a power of attorney to a third person not a creditor of the said firm, under which power of attorney the place of business of the said Waldo & Co. at Honolulu was closed up during business hours contrary to all business usage; that another member of their firm soon after called a meeting of their creditors and made an exhibit of the liabilities of the firm which showed conclusively their insolvency; that the said Waldo, Benson & Langlois did on the 17th day of March last, make an assignment of all their property to Horatio N. Crabb, without the knowledge or consent of the petitioners, and yet it is said, that neither of these acts amounnt to an act of Bankruptcy. Now what is an act of Bankruptcy? By the Hawaiian Statutes it is any attempt to postpone, elude or escape the payment of their debts. If the acts admitted to have been done amount to an attempt to postpone the payment of their debts, then they have committed an act of Bankruptcy, and are liable to be declared Bankrupt. To postpone, is defined to be, "to put off; to defer to a future or later time; to delay "—whether the delay be for a shorter or a longer time is a matter of little consequence, for in either case, it is a postponement and amounts to an act of Bankruptcy. That there may not be any postponement of a single debt without an act of Bankruptcy we do not say; but in our opinion the acts of postponement in this case, viz: the failure to meet their engagements with the majority in value of their creditors; the closing of their store under a power of attorney to a third person; their exhibit of insolvency, and their assignment of all their property, are such acts of postponement as most clearly amount to Bankruptcy within the meaning of the Statute; and

*We do therefore declare* the defendants, Giles Waldo, Edward S. Benson, and Aimable Langlois to be Bankrupt.